UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOCQUISE COLEMAN,<br><br>                       Plaintiff,<br>    v.<br>GREG J. COX, *et al.*,<br><br>                      Defendants. | Case No. 3:16-cv-00708-MMD-CBC<br><br>ORDER |

**I.    DISCUSSION**

On January 14, 2019, this Court issued a screening order dismissing Plaintiff's second amended complaint ("SAC"). (ECF No. 12.) On January 23, 2019, Plaintiff filed a motion for reconsideration of that screening order. (ECF No. 14.)

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

///

In his motion for reconsideration, Plaintiff contends that the Court should have considered and analyzed a Fourteenth Amendment substantive due process claim when it screened Count I of the SAC. (ECF No. 14 at 1–4.) However, where a constitutional amendment provides a source of constitutional protection, the legal standards regarding that amendment, not the more generalized notion of substantive due process, are the guide for analyzing such claims. *Albright v. Oliver*, 510 U.S. 266, 273 (1994); *Graham v. Connor*, 490 U.S. 386, 395 (1989). Thus, when the Eighth Amendment applies to a plaintiff's allegations, an analysis of a substantive due process claim under the Fourteenth Amendment is not appropriate. *Graham*, 490 U.S. 394. Here, Plaintiff alleged that the Defendants failed to protect him, in violation of the Eighth Amendment. (ECF No. 10 at 6–11.)

Although Plaintiff states that he is trying to create new law (ECF No. 14 at 2), this Court is bound by the rulings of the United States Supreme Court. Accordingly, this Court will not and may not consider a substantive due process claim when screening Count I of the SAC.

In his motion for reconsideration, Plaintiff asks the Court to order that his presentence report be delivered to him and also asks the Court to suspend and amend its screening order to allow him to demonstrate the data in that report and thereby prove his claim. (ECF No. 14 at 5.) However, the screening process is not the time for discovery or the introduction of evidence. When screening Plaintiff's SAC, the Court accepted as true Plaintiff's allegations in the SAC that the information at his initial intake, including the presentence report, showed that Plaintiff's presence in a Las Vegas area prison was unsafe due to his victims' associates being there.[1] (*Id.* at 2, 4–5.) The issue at screening

---

[1]Plaintiff's original complaint alleged that Plaintiff did not know why he had been beaten and suggested that officers had endangered his safety with other inmates by lying about him. (ECF No. 1-1 at 7.) However, in the second amended complaint, Plaintiff instead alleged that he was in danger because he was in the same prison as his victims' associates and that his initial intake information, including the presentence report, showed that he could be safe only at a facility in northern Nevada. (ECF No. 10 at 6.) As the Court explained in its last screening order, the second amended complaint replaced the original complaint and the second amended complaint is the operative complaint. (ECF No. 12 at

was whether, assuming that Plaintiff's factual allegations were true, Plaintiff had stated a colorable claim. However, even assuming that there was information in the report that indicated at intake that Plaintiff was unsafe in a Las Vegas prison, the issue for purposes of analyzing the Eighth Amendment claim was what the Defendants allegedly *believed*, not what they allegedly should have believed or done. As the screening order concluded, the SAC alleged facts showing that the officers did not believe that Plaintiff was unsafe and instead believed that he was lying about being in danger. (ECF No. 12 at 4, 6.) Although Plaintiff believes that he should prevail if the officers should have concluded that he was in danger based only on the data available at intake (including the presentence report), as the Court repeatedly has informed Plaintiff, that is not the law; to survive screening, Plaintiff was required to allege facts sufficient to show that the officers did believe he was in danger. (*Id.* at 5, 6; ECF No. 6 at 7.) Plaintiff failed to meet this legal standard and therefore failed to state a colorable Eighth Amendment claim. As a result, the Court dismissed the claim. Because the actual content of the presentence report was not relevant to this analysis, the Court will not order the release of the presentence report or suspend or change the screening order.

**II.  CONCLUSION**

For the foregoing reasons, it is ordered that Plaintiff's motion for reconsideration (ECF No. 14) is denied.

DATED THIS 28th day of January 2019.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

1.) The Court therefore based its second screening order (ECF No. 12) only on the allegations in the second amended complaint.